INDIANA STATE PERSONNEL BOARD *v.* BEAUMONT.

[No. 30,378. Filed March 31, 1966.]

*Edwin K. Steers*, Attorney General, and *Thomas A. Brown*, Deputy Attorney General, for appellant.

*David E. Hayes*, of New Castle, for appellee.

JACKSON, J.—This is an appeal from a judgment of the Henry Circuit Court, by which judgment the Henry Circuit Court, in a proceeding for a judicial review of the decision of the Indiana State Personnel Board, set aside the Findings of Fact and Decision of the Indiana State Personnel Board that the appellee did not have permanent status and, therefore, did not have the right of appeal from her dismissal as a Physical Therapist at the State Hospital at New Castle, Indiana.

The issues before the Henry Circuit Court were formed by the petition for appeal from the decision of the State Personnel Board filed by the appellee herein, and this petition was based on the grounds set out in Acts 1947, ch. 365, § 14, p. 1451; 1957, ch. 355, § 4, p. 1033, being § 63-3014, Burns' 1961 Replacement. In this case the appellee raised two of the statutory grounds set forth in § 63-3014, Burns', *supra*, as reasons for reviewing the decision of the Indiana State Personnel Board.

By virtue of the appellee's petition for appeal from the decision of the State Personnel Board, the following matters were placed in issue:

1. That the decision of the Indiana State Personnel Board was arbitrary, capricious, an abuse of discretion and not in accordance with the law.

2. That the decision of the Indiana State Personnel Board was in excess of the statutory jurisdiction, authority or limitations.

On the 4th day of December, 1962, the Henry Circuit Court entered its Findings of Fact and Judgment which, omitting formal parts, reads as follows:

"The court having read and examined the transcript and exhibits herein, now finds that the appellant Helen Beaumont is a permanent employee who was appointed to a position as Physical Therapist 10 in the classified service at the New Castle State Hospital. That the said position to which she was appointed was one that required peculiar and exceptional qualifications of scientific and professional nature and could not be filled by ordinary competitive examination.

"The court further finds that the appellant, Helen Beaumont, was given a test by the Midical (sic) Registration and Examining Board of Indiana to determine her qualifications for the position, that the board found her qualified and that the said board granted her an Indiana License for her special and professional appointment.

"The Court further finds that the appellant completed her working test period and that there were no objections to her working test period and that there was no objections to her professional ability nor the manner in which she performed her work during the working test period and that her work was satisfactory and acceptable to the New Castle State Hospital and the Appointing authority.

"The Court further finds that the appellant Helen Beaumont was dismissed without proper reason and that the dismissal was arbitrary, capricious, and an abuse of the discretion of the defendant Doctor William Ellsworth Murray, as superintendent and appointing authority for the New Castle State Hospital and that the appellant Helen Beaumont should be reinstated to her position as Physical Therapist with full pay from the date of dismissal.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the appellant, Helen Beaumont, should be and hereby is reinstated to her position as physical therapist 10 at the New Castle State

Hospital, New Castle, Indiana, and that the State of Indiana should, and hereby is ordered, to pay the said appellant her full wages from the date of dismissal, June 15, 1959.

"All of which is ordered, adjudged and decreed by the Court this 4th day of December, 1962."

Appellant's Assignment of Errors contains six specifications, which are as follows:

"1. The judgment of the court is unsupported by sufficient evidence;

"2. The judgment of the court is contrary to law;

"3. The court erred in its Finding of Fact at paragraph two of its findings and judgment;

"4. The court erred in its Finding of Fact at paragraph three of its findings and judgment;

"5. The court erred in its Finding of Fact at paragraph four of its findings and judgment;

"6. The court erred in its Finding of Fact at paragraph five of its findings and judgment."

The State here contends that appellee's appointment was a duration appointment made pursuant to the Personnel Act. The Acts of 1941, ch. 139, § 24, p. 387; 1945, ch. 287, § 2, p. 1266, being § 60-1324(b), Burns' 1961 Replacement reads as follows:

"In time of war, state or national disaster, or other conditions causing a general manpower shortage, such a disaster or manpower shortage creating a situation under which the state personnel division finds it impossible to establish eligible lists for lack of recruits, the Indiana personnel board, by resolution, may declare that an emergency exists and may authorize duration appointments to be continued until adequate eligible lists can be established subsequent to the ending of the emergency. Such duration appointments shall adhere to desirable minimum qualifications in each class."

On page 24 of appellant's brief we find the following:

"The Board took notice of Section 7-9 of the Official Rules of the Indiana State Personnel Board (April 1, 1957, Rev. ed.), concerning duration appointments which is as follows:

" '(A)  Duration Appointments

" '1. In view of the present shortage of qualified applicants for merit system positions an emergency situa-

tion is deemed to exist, and the State Personnel Director is authorized to approve duration appointments to positions for which adequate eligible lists have not been established.

"'2. All appointments to positions in the classified service that cannot be filled from regularly established employment lists and where provisional or other types of statutory appointments are deemed impracticable by the Director shall be duration appointments.

"'(B) When an employment list is established with a sufficient number of eligibles to make a complete certification for any position in the classified service currently filled by duration appointment the appointing authority shall fill the position by appointment from the employment list within thirty days after the date of certification of eligibles.'"

At the bottom of page 24 we find the following statement by appellant:

"At the time of Mrs. Beaumont's initial employment, the Board did not, by resolution, declare an emergency. Mrs. Henn did authorize a duration appointment for Mrs. Beaumont in compliance with Rule 7-9, *supra*. . . ."

It seems to the writer that the Board's rules 7-9 have no effect if they contravene or ignore the requirements of § 60-1324(b), Burns' 1961 Replacement. It seems quite evident that a duration appointment could be made only after the enactment or passage of the resolution declaring an emergency provided for by the statute. Further contradiction of appellant's position appears on page 43 of its brief where testimony is introduced to show the position in question could be filled by competitive examination. If that be true, then no emergency manpower shortage existed and there could be no duration appointment under the terms of the Act. If the appellee is not in the position of a duration employee, then the only statutory employment to which she would be entitled would be pursuant to Acts 1941, ch. 139, § 21, p. 387, § 60-1321, Burns' 1961 Replacement, an employee possessing exceptional qualifications. The record discloses that the employee obtained the necessary license and that by so doing she had qualified for the position she held.

Appellant raises several questions that, if we went into them fully, would require an opinion of more than reasonable length to be written. It is our opinion that the bone of contention in the matter before us revolves on the question of whether or not the appellee was a "duration employee" or was an employee with "exceptional qualifications." In view of our previous determination, that lacking the statutory requirement, that a resolution declaring an emergency be passed before the Board could employee the appellee as a duration employee, the questions inherent herein have been resolved contrary to the contentions of the appellant.

In conclusion we will pass briefly on the appellant's contention that the provisions of Acts 1947, ch. 365, § 18, p. 1451, § 63-3018, Burns' 1961 Replacement, precludes, on judicial review, the court from determining the cause de novo but requires it to rely upon the record exclusively.

It is our opinion that the court did not exceed its power to review and did not substitute its findings for those of the Board in violation of the statute since the court, in its own proper discretion, found the ruling of the Board to be outside the supportive protection of the court.

The judgment of the Henry Circuit Court is hereby affirmed.

Myers, C. J., concurs. Arterburn, J., concurs in result. Rakestraw and Achor, JJ., not participating.

NOTE.—Reported in 215 N. E. 2d 192.